# UNITED STATES BANKRUPTCY COURT
## Middle District of North Carolina
101 S. Edgeworth Street
Greensboro, NC 27401

Bankruptcy Case No.:  01−80098

IN THE MATTER OF:
Mary Ella Stephens      xxx−xx−2928
aka Mary Stephens Dockery
3809 Townsend Street
Durham, NC 27704

    Debtor(s)

## ORDER OF DISCHARGE

    **IT APPEARING** that the above named debtor(s) filed a petition commencing a case under Chapter 13 of Title 11, United States Code; that the debtor's plan was confirmed by the Court; and all payments under the plan have been completed by the debtor(s)

    **IT IS ORDERED THAT:**

1. The above named debtor(s) is hereby released from all debts dischargeable pursuant to 11 U.S.C. 1328(a).

2. Any Judgments which are voided under 11 U.S.C. 524 upon a debtor's discharge are hereby voided.

    **IT IS FURTHER ORDERED** that the commencement, continuation or employment of any action, process or act to collect, recover or offset as a personal liability of the debtor or from property of the debtor any debt discharged under 11 U.S.C. 1328(a), whether or not the discharge of such debt was waived, be and it hereby is enjoined.

**Date: 4/27/04**
        **James B. Wolfe Jr.**
        **U.S Bankruptcy Judge**

SEE BACK SIDE OF ORDER FOR IMPORTANT INFORMATION

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments
under the chapter 13 plan. It is not a dismissal of the case.

Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a
creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or
other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community
property:] [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the
debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor
may voluntarily pay any debt that has been discharged.

Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not
all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant
to section 502 of the Bankruptcy Code.

Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are: a. Debts that are in the nature of alimony, maintenance, or support;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

e. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and

f. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor?ncurring the debt was practicable but was not obtained.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**